**2020 UT App 101**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
ISMAEL ARENAS LOPEZ,
Appellant.

Opinion
No. 20190236-CA
Filed June 25, 2020

Fifth District Court, Cedar City Department
The Honorable Keith C. Barnes
No. 161500523

Jose A. Loayza, Attorney for Appellant

Sean D. Reyes and Jeffrey S. Gray,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS concurred.

ORME, Judge:

¶1      Ismael Arenas Lopez challenges his convictions for
aggravated burglary and attempted aggravated murder. He
argues that the district court erred in ruling that Utah Code
section 76-5-202 prohibited the merging of his convictions. Lopez
alternatively argues that the statute is unconstitutional. We
affirm.

## BACKGROUND[1]

¶2 In the wee hours of the morning on November 6, 2016, Lopez, using a hammer, broke into his ex-girlfriend's home through a kitchen window. Once inside, he exchanged the hammer for a serrated knife he found in the kitchen, and he stripped down to his underpants and socks so that he could move about the house more quietly. Lopez then proceeded to the upstairs bedroom of his ex-girlfriend's mother (Victim). He approached Victim, who was sleeping, and began choking her and "repeatedly" stabbed her "in the neck, back, face, and arm" with the knife. Victim started screaming and fought back, scratching Lopez's bare chest.

¶3 Victim's husband, who was sleeping on the downstairs couch, tackled Lopez as he fled the bedroom and attempted to exit the home. Victim's husband held Lopez until police arrived.

---

1. We were not favored with a trial transcript and accordingly recite the facts from the initial probable cause statement and other facts gleaned from the record, to which Lopez has stipulated on appeal. Ordinarily, an appellant's failure to include a trial transcript will result in a summary affirmance, given the difficulty for the appellant to demonstrate preservation, *see* Utah R. App. P. 24(a)(5)(B); the appellate court's inability to assess prejudice if it concludes an error was made, *see State v. Courtney*, 2017 UT App 172, ¶ 22, 424 P.3d 198; and the appellate court's inclination to "presume the regularity of the proceedings below," *see State v. Pritchett*, 2003 UT 24, ¶ 13, 69 P.3d 1278, in the absence of a transcript. In this case, however, Lopez has stipulated to the relevant facts, and we are therefore able to address the legal issues he raises. We do remind appellants that failure to include a trial transcript, absent rare circumstances such as those presented in the current appeal, will almost always culminate in affirmance.

The injuries to Victim "were serious and life threatening," but, fortunately, she survived the ordeal.

¶4     The State charged Lopez with aggravated burglary and attempted aggravated murder. Following a two-day trial, a jury convicted Lopez on both counts. Before sentencing, Lopez moved to have his aggravated burglary conviction merged with his attempted aggravated murder conviction. Relying on *State v. Shaffer*, 725 P.2d 1301 (Utah 1986), Lopez argued that "aggravated burglary is a predicate felony for attempted . . . aggravated murder and a lesser included offense and merges with the greater offense of attempted . . . aggravated murder." Lopez further argued that Utah Code section 76-5-202, which provides that "any aggravating circumstance," including "aggravated burglary," "that constitutes a separate offense does not merge with the crime of aggravated murder," *see* Utah Code Ann. § 76-5-202(1)(d), (5)(a) (LexisNexis Supp. 2019) (the anti-merger provision),[2] is "unconstitutional on its face or in its application to [Lopez]." Lopez asserted that the statute was "unconstitutionally vague, overbroad, and violates [his] due process rights . . . and is violative of the Equal Protection Clause."

¶5     The district court denied Lopez's motion, concluding that the plain language of the anti-merger provision "leave[s] no doubt that the legislature intended that [aggravated burglary] does not merge with [attempted aggravated murder]." It also rejected his challenge to the constitutionality of the anti-merger provision.

¶6     Lopez appeals.

---

2. Because the relevant provisions of the Utah Code in effect at the time Lopez committed his offenses do not materially differ from those currently in effect, we cite the current version of the code for convenience.

ISSUES AND STANDARDS OF REVIEW

¶7　Lopez argues that the district court erred by not merging his convictions. "Merger issues present questions of law, which we review for correctness." *State v. Diaz*, 2002 UT App 288, ¶ 10, 55 P.3d 1131.

¶8　Alternatively, Lopez argues that Utah Code section 76-5-202 "is unconstitutionally vague and violates equal protection guarantees."[3] Lopez's constitutional challenge presents a question of law, which we review de novo, "recognizing that all statutes are presumed to be constitutional and the party challenging a statute bears the burden of proving its invalidity." *State v. Roberts*, 2015 UT 24, ¶ 16, 345 P.3d 1226 (quotation simplified).

ANALYSIS

I. Merger

¶9　"The question of merger arises when two statutes or two portions of a single statute proscribe certain conduct, and the question is whether the defendant can be punished twice

---

3. It is not entirely clear whether Lopez is arguing that in addition to the statute being unconstitutional as applied to him, it is also unconstitutional on its face. But because we hold that the statute is not unconstitutional as applied to Lopez, we need not separately consider any potential claim of it being unconstitutional on its face. *See State v. Herrera*, 1999 UT 64, ¶ 50, 993 P.2d 854 (holding that because "[f]acial challenges succeed . . . only if the statutes at issue are incapable of any valid application," the defendant's "facial challenge fails a fortiori" where the court holds that the challenged statute was constitutional as applied to him).

because his conduct violates both proscriptions." *State v. Lopez*, 2004 UT App 410, ¶ 4, 103 P.3d 153 (quotation simplified). Utah Code section 76-1-402 provides that "when the same act of a defendant under a single criminal episode shall establish offenses which may be punished in different ways under different provisions of this code, the act shall be punishable under only one such provision." Utah Code Ann. § 76-1-402(1) (LexisNexis 2017). And when one offense is a lesser-included offense of another charged offense, a defendant cannot be charged and convicted of both. *See id.* § 76-1-402(3). But the Legislature may "exempt[] a statute from the requirements of the merger doctrine," provided that "an explicit indication of legislative intent is present in the specific offense statute." *State v. Bond*, 2015 UT 88, ¶ 70, 361 P.3d 104 (quotation simplified).

¶10 In the present case, the aggravated murder statute contains the anti-merger provision, which specifies that "any aggravating circumstance," including "aggravated burglary," "that constitutes a separate offense does not merge with the crime of aggravated murder." Utah Code Ann. § 76-5-202(1)(d), (5)(a) (Supp. 2019). "The plain language of [the anti-merger provision] . . . can leave no doubt that the Legislature intended that [aggravated burglary] does not merge with the homicide conviction." *See Bond*, 2015 UT 88, ¶ 71. Lopez, however, argues that the district court "erred by not looking at the reality of what constituted the 'offense' in fact" and "[i]nstead, . . . allow[ing] itself to be guided by a conceivable conceptual definitional distinction to find 'separate' offenses."[4] Lopez also argues that

---

4. In making this argument, Lopez relies on *State v. Shaffer*, 725 P.2d 1301 (Utah 1986). In that case, our Supreme Court determined that under the Utah Code in effect at the time, the defendant's aggravated burglary offense "was a necessary element to proof of first degree felony murder" and thus was a "lesser included offense of first degree felony murder," thereby necessitating the merging of the two convictions. *Id.* at 1313. But

(continued…)

because the anti-merger provision does not explicitly reference *attempted* aggravated murder, it does not apply to his case. We disagree on both counts

¶11 First, under the anti-merger provision, aggravated burglary "constitutes a separate offense [and] does not merge with the crime of [attempted] aggravated murder." *See* Utah Code Ann. § 76-5-202(5)(a). *Cf. Bond*, 2015 UT 88, ¶ 70 ("[W]here the Legislature has designated a statute as an enhancing statute, the merger doctrine has no effect."). Here, Lopez committed aggravated burglary by unlawfully entering Victim's home "with intent to commit . . . a felony [or] an assault on [Victim]," *see* Utah Code Ann. § 76-6-202(1)(a), (c) (2017), and while committing the burglary, "caus[ing] bodily injury to," or "us[ing] . . . a dangerous weapon against" Victim, *see id.* § 76-6-203(1)(a)–(b). Lopez then committed attempted aggravated murder when he took "a substantial step toward," *see id.* § 76-4-101(1)(a), "intentionally . . . caus[ing] the death of [Victim]," *see id.* § 76-5-201(1)(a), "incident to an act, scheme, course of conduct, or criminal episode during which [he]

---

(…continued)

prior to 2008 the aggravated murder statute did not contain the anti-merger provision, *see* Utah Code Ann. § 76-5-202 (LexisNexis 2008), and the court in *Shaffer* concluded that the generally applicable lesser-included-offense statute directed it to merge the convictions, 725 P.2d at 1313. By the time Lopez committed his crimes in 2016, however, the Legislature had added the anti-merger provision, explicitly prohibiting courts from merging aggravated burglary with aggravated murder. *See* Utah Code Ann. § 76-5-202(5) (Supp. 2016). Thus, *Shaffer* is not controlling on this issue. To the extent that Lopez argues that *Shaffer* requires the merger of his convictions under the United States or Utah constitutions, Lopez is mistaken because the Court explicitly noted that it did not reach the constitutional question. *See* 725 P.2d at 1312.

committed or attempted to commit . . . aggravated burglary," *see id.* § 76-5-202(1)(d) (Supp. 2019). While aggravated burglary is an aggravating circumstance, which elevates Lopez's attempted murder offense to attempted aggravated murder, it is clearly a separate offense from attempted aggravated murder as the latter requires the intent to cause death. The two offenses therefore do not merge given the mandate of the anti-merger provision.

¶12 Second, the anti-merger provision applies equally to attempted aggravated murder and completed aggravated murder. We recently dealt with a nearly identical argument in *State v. Martinez*, 2019 UT App 166, 452 P.3d 496, *cert. granted*, 462 P.3d 798 (Utah 2020), concerning a similar provision in the murder statute, *id.* ¶ 23. *Compare* Utah Code Ann. § 76-5-203(5)(a) (2017) ("Any predicate offense . . . that constitutes a separate offense does not merge with the crime of murder."), *with id.* § 76-5-202(5)(a) (Supp. 2019) ("Any aggravating circumstance . . . that constitutes a separate offense does not merge with the crime of aggravated murder."). There, Martinez made the same argument that Lopez now advances, namely that the language barring merger "does not apply to attempt crimes, because the statute states that the enumerated predicate offenses are prohibited from merging with 'murder' and does not explicitly mention attempted murder." *Martinez*, 2019 UT App 166, ¶ 23. We rejected Martinez's argument, *id.*, and so we are bound to reject Lopez's argument for the same reasons, *see State v. Legg*, 2018 UT 12, ¶ 9, 417 P.3d 592 ("Under the doctrine of horizontal *stare decisis*, the first decision by a court on a particular question of law governs later decisions by the same court" and "has equal application when one panel of a multi-panel appellate court is faced with a prior decision of a different panel.") (quotation simplified).

¶13 In *Martinez*, we held that attempted murder was simply a derivative of the crime of murder and the two offenses "are evaluated using the same statutory elements," and thus Utah Code section 76-5-203(5)(a) applied with equal force to the

attempt, prohibiting attempted murder from being merged with a predicate offense. 2019 UT App 166, ¶ 23. This same reasoning applies here. Because "both [aggravated] murder and attempted [aggravated] murder are evaluated using the same statutory elements, the prohibition against [aggravated burglary] merging with [aggravated] murder also prevents that offense from merging with attempted [aggravated] murder." *See id.*

¶14    Thus, the district court did not err in denying Lopez's motion to merge the two convictions. The anti-merger provision, especially when read in light of *Martinez*, prohibited such a merger.

## II. Constitutionality

### A.    Equal Protection and Uniform Operation of Laws

¶15    Lopez argues that the anti-merger provision violated his constitutional rights to equal protection under the United States Constitution and the uniform operation of laws provision under the Utah Constitution. Specifically, Lopez argues that he "is being singled out and treated differently from other persons convicted under the aggravated murder statute." The federal Equal Protection Clause and Utah's Uniform Operation of Laws Clause both "require that similarly situated individuals be treated alike under the law unless there is a reasonable basis for treating them differently." *Met v. State*, 2016 UT 51, ¶ 48, 388 P.3d 447 (quotation simplified). "Because our analysis under the uniform operation of laws provision is at least as rigorous as it would be under the federal equal protection provision, we limit our review to [Lopez's] state constitutional claims." *See State v. Merrill*, 2005 UT 34, ¶ 31, 114 P.3d 585. *See also Gallivan v. Walker*, 2002 UT 89, ¶ 33, 54 P.3d 1069 ("Utah's uniform operation of laws provision is at least as exacting and, in some circumstances, more rigorous than the standard applied under the federal constitution.") (quotation simplified). "To determine whether a statute violates the uniform operation of laws, we apply a

three-step analysis: (1) whether the statute creates any classifications; (2) whether the classifications impose any disparate treatment on persons similarly situated; and (3) if there is disparate treatment, whether the legislature had any reasonable objective that warrants the disparity." *State v. Robinson*, 2011 UT 30, ¶ 17, 254 P.3d 183 (quotation simplified). Because "[t]he first two steps are threshold inquiries we address the third step only if we find that the statute both creates classifications and imposes disparate treatment among persons similarly situated within those classifications." *Id.*

¶16    Here, even assuming for purposes of argument that the aggravated murder statute creates classifications among those who commit aggravated murder, Lopez's claim fails under the second step of our analysis. Under that step, we must determine "whether the classifications impose any disparate treatment on persons similarly situated." *Id.* (quotation simplified). Lopez claims that he is being treated differently from other persons similarly situated, i.e., those convicted under the aggravated murder statute, because all the other aggravating circumstances contained in Utah Code section 76-5-202(1)(d), which the anti-merger provision prohibits from merging with aggravated murder, could be committed independently of aggravated murder, while his aggravated burglary offense could not.[5] We disagree.

---

5. Lopez's uniform operation of laws argument is not entirely clear. At one point, he also argues that he "is being treated differently, more harshly, than other actors who enter a dwelling without consent with intent . . . to commit a felony." This statement, however, is unsupported by analysis explaining how Lopez is similarly situated to others who, for example, commit a burglary but do not attempt murder during the commission of the burglary. *See generally State v. Outzen*, 2017 UT 30, ¶ 19, 408 P.3d 334 (explaining the applicable analysis for determining
(continued…)

¶17 Lopez could have committed aggravated burglary independently of attempted aggravated murder, just as with any other aggravating circumstance listed under Utah Code section 76-5-202(1)(d), because attempted murder is in no sense a necessary element of aggravated burglary. Aggravated burglary is completed whenever a person "enters or remains unlawfully in a building . . . with intent to commit . . . [among other things,] a felony [or] an assault on any person," Utah Code Ann. § 76-6-202(1)(a), (c) (LexisNexis 2017), and while doing so "causes bodily injury to any person who is not a participant in the crime," "uses or threatens the immediate use of a dangerous weapon against any person who is not a participant in the crime," or "possesses or attempts to use any explosive or dangerous weapon," *id.* § 76-6-203(1)(a)–(c). The statute does not require an attempt to commit murder during the commission of a burglary to sustain a charge of aggravated burglary. All that it requires is the *intent* to commit a felony or assault on a person—

---

(…continued)

whether individuals are similarly situated under the uniform operation of laws provision of the Utah Constitution). To the extent that this is the basis for Lopez's uniform operation of laws argument, we decline to address it further because Lopez fails to carry his burden of persuasion on appeal. *See State v. Roberts*, 2015 UT 24, ¶ 18, 345 P.3d 1226 ("Rule 24 of the Utah Rules of Appellate Procedure prescribes standards for the form, organization, and content of a brief on appeal [and] requires that the arguments contain the contentions and reasons of the appellant with respect to the issues presented with citations to the authorities, statutes, and parts of the record relied on. This standard for adequate briefing is a subjective standard, and determining compliance is left to the discretion of the appellate court. . . . [A]ppellants who fail to follow rule 24's substantive requirements will likely fail to persuade the court of the validity of their position.") (quotation simplified).

not the actual commission of such felony or assault, although its commission undoubtedly goes a long way in proving that intent—and while entering the building with this intent, using *or* simply possessing a dangerous weapon *or* causing bodily injury. Thus, the jury could have convicted Lopez of aggravated burglary and acquitted him of the attempted aggravated murder charge if it concluded (1) that after he broke into the home and attacked Victim with the knife he meant only to hurt Victim and was not trying to kill her, or (2) he broke into the home and took possession of the knife, a dangerous weapon. *See id.*

¶18    Therefore, under the rationale Lopez advances, he is not being treated differently from others who commit attempted aggravated murder on the heels of one of the other aggravating circumstances contained in Utah Code section 76-5-202(1)(d). Lopez's conviction for aggravated burglary could be sustained independently of the attempted aggravated murder charge, just as all the other aggravating circumstances could be in different factual scenarios, and Lopez cannot complain that he is being treated differently from others situated similarly to him.[6] Thus,

---

6. In making this argument, Lopez seems to confuse his convictions and the corresponding elements of the two crimes for which he was convicted. Attempted aggravated murder is not a necessary element of aggravated burglary. Rather, aggravated burglary in this case was a necessary element to elevate Lopez's attempted murder charge to attempted aggravated murder. *Compare* Utah Code Ann. § 76-5-202(1)(d) (LexisNexis Supp. 2019) (stating that murder is elevated to aggravated murder if during the course of the murder the defendant committed an aggravated burglary), *with id.* § 76-6-203(1)(a)–(c) (2017) (stating that aggravated burglary is committed if during the commission of a burglary the person "causes bodily injury to any person who is not a participant in the crime," "uses or threatens the immediate use of a dangerous weapon against any person who is not a participant in the

(continued…)

the anti-merger provision did not unconstitutionally violate Lopez's right to the uniform operation of laws.

B.    Vagueness

¶19    Lopez argues that the anti-merger provision is unconstitutionally vague because it does not clearly "communicate to ordinary persons . . . that [they] would be charged, convicted, and sentenced for [their] commission of aggravated burglary, in addition to aggravated murder."[7] The vagueness doctrine encompasses two considerations. *State v. Garcia*, 2017 UT 53, ¶ 56, 424 P.3d 171. "First, a criminal statute is not unconstitutionally vague if it defines the criminal offense

_____

(…continued)
crime," or "possesses or attempts to use any explosive or dangerous weapon").

7. Lopez also argues that "it is not clear if the section applies equally to attempted murder cases" to elevate those crimes to attempted aggravated murder. This argument is unavailing because "[a]ttempt crimes are derivatives of completed crimes, and the express language of both the completed crime statute and the attempt statute determines the elements of the attempt crime." *State v. Casey*, 2003 UT 55, ¶ 13, 82 P.3d 1106. *Accord State v. Martinez*, 2019 UT App 166, ¶ 23, 452 P.3d 496, *cert. granted*, 462 P.3d 798 (Utah 2020). And we fail to see how this reasoning would not also apply to those crimes and put ordinary persons on notice that if their conduct fit within the statute, then their attempted aggravated murder crime would not be merged with the aggravating crime, even though they did not actually complete the murder. Furthermore, Utah's attempt statute clearly informs individuals that they can be convicted as if they completed the actual crime, even though for whatever reason they were unable to complete it. *See* Utah Code Ann. § 76-4-101(1) (LexisNexis 2017).

with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id.* (quotation simplified). And "second, when a vagueness challenge does not involve First Amendment freedoms, this court examines the statute only in light of the facts of the case at hand." *Id.* (quotation simplified).

¶20 Regarding the first step, we disagree with Lopez that the statute is so unclear that an ordinary person would be unable to understand what conduct is prohibited and that if the prohibited conduct was undertaken, that the crimes would not merge. First, the statute clearly states that if a person "intentionally or knowingly causes the death of another," and that death "was committed incident to an act, scheme, course of conduct, or criminal episode during which the actor committed or attempted to commit . . . aggravated burglary," then they would be punished for aggravated murder. Utah Code Ann. § 76-5-202(1)(d) (LexisNexis Supp. 2019). Next, it states that "any aggravating circumstance described . . . does not merge with the crime of aggravated murder" and "a person who is convicted of aggravated murder, based on an aggravating circumstance described . . . that constitutes a separate offense may also be convicted, and punished for, the separate offense." *Id.* § 76-5-202(5)(a)–(b). This language is clear because it "specifically defines the types of [prohibited activity] and describes the act required to violate the statute" and its corresponding consequences, and Lopez "cannot persuasively argue that he would not have known that [entering Victim's home and nearly killing her with a knife] would constitute acts sufficient to violate the [statute]." *See State v. Pence*, 2018 UT App 198, ¶ 22, 437 P.3d 475.

¶21 Nor do these sections encourage arbitrary enforcement. "The United States Supreme Court has stated that to avoid unconstitutional vagueness, a statute must 'establish minimal guidelines to govern law enforcement' such that it avoids

entrusting 'lawmaking to the moment-to-moment judgment of the policeman on his beat.'" *State v. Green*, 2004 UT 76, ¶ 50, 99 P.3d 820 (quoting *Kolender v. Lawson*, 461 U.S. 352, 358, 360 (1983)). Lopez argues that because the anti-merger provision "provides that the aggravating circumstance and the aggravated murder *do not* merge," but then "states a person '*may* also' be convicted of and punished for the separate offense as well as aggravated murder," that these discrepancies encourage arbitrary enforcement. Lopez argues that this is because "[i]n one jurisdiction [he] could have easily been charged with aggravated burglary while here he is charged and convicted of both." Lopez is incorrect.

¶22 Lopez's argument is unavailing because his complaint concerns only the statute's grant of traditional prosecutorial discretion, not its supposed encouragement of arbitrary enforcement. Here, the statute's use of the term "may" grants prosecutors the "traditional prosecutorial discretion" they have "in determining what charges to pursue." *State v. Angilau*, 2011 UT 3, ¶ 28, 245 P.3d 745 (quotation simplified). *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (holding that the "decision whether or not to prosecute, and what charge to file . . . , generally rests entirely in [the prosecutor's] discretion," so long as it is not "based upon an unjustifiable standard such as race, religion, or other arbitrary classification"); *State v. Martinez*, 2013 UT 23, ¶ 17, 304 P.3d 54 (holding that "[t]he decision to charge aggravated murder . . . is a classic exercise of prosecutorial discretion"). And a prosecutor's ability to determine whether to bring charges based on the particular facts of each case does not amount to arbitrary enforcement. *See State v. Mohi*, 901 P.2d 991, 1003 (Utah 1995) (explaining that "traditional prosecutor[ial] discretion" encompasses "selecting a charge to fit the circumstances of a defendant and his or her alleged acts" and is not a violation of the uniform operation of laws).

¶23 Accordingly, the complained-of language does not encourage arbitrary enforcement. While it does grant

prosecutors discretion in deciding to charge conduct that clearly violates the statute, it does not leave law enforcement officials who encounter Lopez's circumstances free "to pursue their own personal predilections in determining the applicability of [the] statute." *See Green*, 2004 UT 76, ¶ 51.

¶24   Therefore, Utah Code section 76-5-202 is not unconstitutionally vague because it is straightforward and clearly informs an individual of ordinary intelligence that if during the commission of an aggravated burglary, he attempts an aggravated murder, he could be charged with both crimes, and those crimes would not merge. The statute also does not encourage arbitrary enforcement, because it simply grants prosecutors the traditional discretion they have to determine if charges should be brought and, if so, which charges.

CONCLUSION

¶25   The district court did not err in declining to merge Lopez's convictions because the anti-merger provision in Utah Code section 76-5-202(5) prohibited their merger. The district court also did not err in finding that the anti-merger provision was constitutional because the provision does not violate equal protection or the uniform operation of laws, and it is not unconstitutionally vague.

¶26   Affirmed.

———————